**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                                   Case No. 8:18-bk-04689-RCT
                                                                                          Chapter 7
JOE ALLEN COX and
CRYSTAL MARIE COX,

    Debtors.
_____/

**MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)**

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Avenue, Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney, Frederic J. DiSpigna, Esq., at Marinosci Law Group, P.C., 100 West Cypress Creek Road, Suite 1045, Fort Lauderdale, FL 33309, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

BOKF, N.A., a National Banking Association d/b/a HomeDirect Mortgage, as Successor in Interest by Merger to Bank of Oklahoma, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtors having an address of 56 Spring St, Adams, NY 13605 (the "Property"). In support of this Motion, Movant respectfully states:

1. The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, Fed. R. Bankr. P. 4001(a) and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the laws of the United States of America.

2. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtors on June 5, 2018.

3. The Debtor have executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $208,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A**. Movant is an entity entitled to enforce the Note.

4. Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtors under and with respect to the Note and the Mortgage are secured by the Property. A true and correct copy of the Mortgage is attached hereto as **Exhibit B**.

5. According to the *Statement of Intention for Individuals Filing Under Chapter 7*, the Debtor is surrendering the Property.

6. The legal description of the Property is:

ALL THAT PARCEL OF LAND IN JEFFERSON COUNTY, STATE OF NEW YORK, AS MORE FULLY DESCRIBED IN DEED INST # 2007-00018687, ID# 113.37-1-11 , BEING KNOWN AND DESIGNATED AS ALL THAT TRACT OR PARCEL OF LAND, SITUATED IN THE TOWN AND VILLAGE OF ADAMS, COUNTY OF JEFFERSON AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING IN THE CENTER OF SPRING STREET IN SAID VILLAGE OF ADAMS AT THE SOUTHEAST CORNER OF LANDS FORMERLY OWNED OR OCCUPIED BY LEANDER N. COWLES;

THENCE NORTHERLY ALONG THE EASTERLY LINE OF SAID COWLES LAND TO THE CENTER OF SANDY CREEK;

THENCE EASTERLY ALONG THE CENTER THEREOF TO THE NORTHWEST CORNER OF THE LOOKER PLACE (SO-CALLED);

THENCE SOUTHERLY ALONG THE WEST LINE OF THE SAID LOOKER LOT TO THE CENTER OF THE SPRING STREET AFORESAID;

THENCE WESTERLY ALONG THE CENTER OF SAID STREET TO THE PLACE OF BEGINNING CONTAINING ONE-HALF OF AN ACRE OF LAND, BE THE SAME MORE OR LESS.

EXCEPTING AND RESERVING THE RIGHTS OF THE PUBLIC IN ANY ADJOINING OR ABUTTING ROADS.

TOGETHER WITH ALL RIGHTS, TITLE AND INTEREST, IF ANY, OF THE PARTIES OF THE FIRST PART IN AND TO ANY STREETS AND ROADS ABUTTING THE ABOVE DESCRIBED PREMISES TO THE CENTER LINES THEREOF.

BEING AND INTENDING TO DESCRIBED ALL THAT TRACT AND PARCEL OF LAND AS CONVEYED TO HARRY G. HOUGH AND NANCY L. HOUGH BY WARRANTY DEED DATED JULY 15, 1995 AND RECORDED IN THE JEFFERSON COUNTY CLERKS OFFICE ON JULY 18, 1995 IN LIER 1463 OF DEEDS AT PAGE 339.

7. The Debtors are indebted to Movant under the terms of the subject loan documents for the unpaid principal balance of $197,471.55, plus additional interest, advances, costs and attorneys' fees advanced by Movant pursuant to the loan documents.

8. The Debtors have defaulted under the terms of the subject loan documents by failing to make the payment due on December 1, 2017 and all subsequent payments.

9. Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, is $197,471.55.

10. Cause exists pursuant to 11 U.S.C. §362(d)(1) for relief from the automatic stay for the following reasons:

(a) Movant's interest in the Property is being significantly jeopardized by the Debtors' failure to make regular mortgage payments while Movant is prohibited from pursuing its lawful remedies to protect such interest.  Thus, the Debtors have failed to adequately protect the interest of Movant.

(b) Movant's interest in the collateral is not protected by an adequate equity cushion.

11. Movant respectfully requests that the Court waive the 14 day stay of effectiveness of any order granting Movant's relief from the automatic stay pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

12. Movant requests that any communication by Movant in connection with proceeding against the Property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential forbearance agreement, loan modification, refinance agreement, loss mitigation agreement or other loan workout, may be sent directly to the Debtors.

13. In addition to the other amounts due Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $750.00 in legal fees and $181.00 in costs. Movant seeks an award of its fees and costs, or alternatively, reserves all rights to seek an award or allowance of such fees and expenses as part of the debt in accordance with applicable loan documents and related agreements, the Bankruptcy Code and other applicable law, which fees and costs shall not be a personal liability of the Debtors.

14. Pursuant to 11 U.S.C. § 362(e) Movant respectfully requests that in the event a hearing becomes necessary on this Motion, one be held within thirty (30) days.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the automatic stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That any hearing on this Motion be held within 30 days.

4. That Movant's attorneys' fees and costs incurred in filing this Motion be recoverable as part of the debt pursuant to the loan documents under the remedies available therein but shall not be a personal liability of the Debtors.

5. That Movant permitted to contact the Debtors for the reasons stated.

6. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

7. For such other relief as the Court deems proper.

          **MARINOSCI LAW GROUP, P.C.**
          Attorney for Secured Creditor
          100 West Cypress Creek Road, Suite 1045
          Fort Lauderdale, FL 33309
          Phone: (954) 332-9473
          Fax: (954) 772-9601
          Email: fdispigna@mlg-defaultlaw.com

          /s/ Frederic DiSpigna

          _____
          FREDERIC DISPIGNA, ESQ.
          Florida Bar No. 345539

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy hereof has been served electronically or via U.S. mail, first class postage prepaid, to the parties listed below on July 23, 2018.

**Carolyn R. Chaney, Trustee**
PO Box 530248
St. Petersburg, FL 33747

**United States Trustee - TPA7/13**
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, FL 33602

**Crystal Marie Cox**
18131 Parrot Rd.
Weeki Wachee, FL 34614

**Joe Allen Cox**
18131 Parrot Rd .
Weeki Wachee, FL 34614

**Michael Barnett, Esq.**
Michael Barnett, PA
506 N. Armenia Ave.
Tampa, FL 33609

**MARINOSCI LAW GROUP, P.C.**
Attorney for Secured Creditor
100 West Cypress Creek Road, Suite 1045
Fort Lauderdale, FL 33309
Phone: (954) 332-9473
Fax: (954) 772-9601
Email: fdispigna@mlg-defaultlaw.com

/s/ Frederic DiSpigna
_____
FREDERIC DISPIGNA, ESQ.
Florida Bar No. 345539